## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

_____

BYRON BREEZE, JR.,                          :
                                            :
           Plaintiff,                       :
                                            :
v.                                          :     Case No.: 1:21-cv-00649-BAH
                                            :
1801 CORPORATION                            :
d/b/a Pupatella Dupont                      :
1801 18th Street NW                         
Washington, DC 20009                        :
                                            :
and                                         :
                                            :
ROCK CREEK – 1801 18TH LLC                  :
1111 14th Street, NW, Suite 200             :
Washington, DC 20009                        :
                                            :
           Defendants.                      :
_____    :

### DEFENDANT 1801 CORPORATION'S MOTION TO DISMISS

Defendant 1801 Corporation d/b/a Pupatella Dupont hereby moves to dismiss in its entirety

the Complaint filed by Plaintiff Byron Breeze, Jr. under Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6). For the reasons stated in the accompanying Memorandum, which is hereby

incorporated by reference, Mr. Breeze fails to allege sufficient facts to demonstrate that this Court

has subject matter jurisdiction over his claims. Specifically, he fails to allege an injury-in-fact or

an immediate risk of future harm that establish his standing to bring this action. Moreover, even if

Mr. Breeze has standing, he fails to allege sufficient facts to state a claim under the Americans

with Disabilities Act, 42 U.S.C. § 12181, *et seq*. or the District of Columbia Human Rights Act,

D.C. Code § 2-1401.01 *et seq*. As a repeat litigator, Mr. Breeze should be aware of the pleading

requirements, yet his conclusory allegations fall far short of the standards. Mr. Breeze's Complaint

therefore should be dismissed with prejudice.

Dated: April 6, 2021                     Respectfully submitted,

                                         WILSON ELSER MOSKOWITZ
                                         EDELMAN & DICKER LLP


                                         /s/ *Elisabeth L. Shu*
                                         Elisabeth L. Shu (DC Bar No. 982704)
                                         Christina M. Heischmidt (DC Bar No. 1006759)
                                         8444 Westpark Drive, Suite 510
                                         McLean, Virginia 22102-5102
                                         Tel.:   (703) 245-9300
                                         Fax:    (703) 245-9301
                                         elisabeth.shu@wilsonelser.com
                                         christina.heischmidt@wilsonelser.com
                                         *Counsel for Defendant 1801 Corporation*

251635290v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April, 2021, I electronically filed the foregoing Defendant 1801 Corporation's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, and will serve a true and correct copy of the document via First Class U.S. Mail and email upon:

Erik M. Bashian, Esq.
BASHIAN & PAPANTONIOU, PC
500 Old Country Road, Suite 302
Garden City, New York 11530
eb@bashpaplaw.com
*Counsel for Plaintiff Byron Breeze*

Rebecca L. Dannenberg, Esq.
FRANKLIN & PROKOPIK, PC
2325 Dulles Corner Boulevard, Suite 1150
Herndon, Virginia 20176
rdannenberg@fandpnet.com
*Counsel for Defendant Rock Creek-1801 18th, LLC*

/s/ *Elisabeth L. Shu*
Elisabeth L. Shu, Esq. (DC Bar No. 982704)
Christina M. Heischmidt (DC Bar No. 1006759)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
Tel.:    (703) 245-9300
Fax:    (703) 245-9301
elisabeth.shu@wilsonelser.com
christina.heischmidt@wilsonelser.com
*Counsel for Defendant 1801 Corporation*

3

251635290v.1

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

_____
                                                    :
**BYRON BREEZE, JR.,**                              :
                                                    :
      **Plaintiff,**                         :
                                                    :
**v.**                                              :   **Case No.: 1:21-cv-00649-BAH**
                                                    :
**1801 CORPORATION**                                :
**d/b/a Pupatella Dupont,** *et al*.                :
                                                    :
      **Defendants.**                        :
_____            :

### MEMORANDUM IN SUPPORT OF
### DEFENDANT 1801 CORPORATION'S MOTION TO DISMISS

Dated: April 6, 2021        Respectfully submitted,

                WILSON ELSER MOSKOWITZ
                EDELMAN & DICKER LLP

/s/ *Elisabeth L. Shu*
Elisabeth L. Shu (DC Bar No. 982704)
Christina M. Heischmidt (DC Bar No. 1006759)
8444 Westpark Drive, Suite 510
McLean, Virginia 22102-5102
Tel.:  (703) 245-9300
Fax:  (703) 245-9301
elisabeth.shu@wilsonelser.com
christina.heischmidt@wilsonelser.com
*Counsel for Defendant 1801 Corporation*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND .............................................................................................. 3

ARGUMENT ........................................................................................................................ 4

      I.      STANDARD OF REVIEW ................................................................... 4

      II.     PLAINTIFF FAILS TO ESTABLISH THIS COURT'S SUBJECT
              MATTER JURISDICITON ................................................................... 5

            A.     Plaintiff Fails to Plead an Injury-in-Fact ........................................ 6

            B.     Plaintiff Fails to Plead Imminent Future Harm ............................. 6

            C.     Assuming Mr. Breeze Has Standing, He Fails To State A Claim
                  Under The ADA Or The DCHRA .................................................. 9

CONCLUSION .................................................................................................................. 11

i

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 4, 5, 10, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................... 4, 5, 10, 11

*Dearth v. Holder*, 641 F.3d 499 (D.C. Cir. 2011) ...................................................... 6

*Fair Employment Council of Greater Wash., Inc. v. BMC Marketing Corp.*, 28 F.3d 1268 (D.C. Cir. 1994). ......................................................................................................... 7

*Holt v. Am. City Diner, Inc.*, No. 05-1745, 2007 U.S. Dist. LEXIS 35284, *14 (D.D.C. May 15, 2007) ................................................................................................................. 6, 7, 8, 9

*Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728 (D.C. Cir. 2007) ........................ 5

*Jefferson v. Stinson Morrison Heckler, LLP*, 249 F. Supp. 3d 76 (D.D.C. 2017) ............... 5, 7, 9

*Leftwich v. Gallaudet University*, 878 F. Supp. 2d 81 (D.D.C. 2012) ............................. 2

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .......................................... passim

*Macharia v. United States*, 334 F.3d 61 (D.C. Cir. 2003) ............................................ 4

*Moran v. U.S. Capitol Police Bd.*, 820 F.Supp.2d 48 (D.D.C. 2011) ............................ 4

*Natural Resources Defense Counsel v. Pena*, 147 F.3d 1012 (D.C. Cir. 1998) ............ 7

*Rann v. Chao*, 154 F.Supp.2d 61 (D.D.C. 2001) ...................................................... 4

*Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59 (D.D.C. 2011) ....................... 4

*Spokeo, Inc. v. Robbins*, __ U.S. __, 136 S. Ct. 1540 (2016) ................................. 5, 6

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) .................................................. 6

## Statutes

42 U.S.C. § 12181, *et seq*. ...................................................................................... 1

ADA Accessibility Guidelines ..................................................................................... 1

D.C. Building Code §101.2 ......................................................................................... 2

District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq*. ................... 1

International Building Code (2018) § 1101.1 ............................................................. 2

International Building Code §1103.2.2 ........................................................................ 2

International Existing Building Code (2018) § 305.9 ................................................... 2

## Rules

28 C.F.R. Part 36 ....................................................................................................... 1

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 1, 4

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 4

Fed. R. Civ. P. 12(h)(3) ............................................................................................... 4

LCvR 5.1(c)(1) ........................................................................................................... 8

Defendant 1801 Corporation d/b/a Pupatella Dupont (hereinafter "Pupatella"), by counsel, hereby submits this Memorandum of Points and Authorities in support of its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## **INTRODUCTION**

Plaintiff Byron Breeze routinely litigates disability discrimination claims throughout New Jersey, New York and, now, the District of Columbia.[1] A PACER search identifies 73 unique cases related to Mr. Breeze filed in federal district courts. *See id*. These cases evidence a pattern whereby Mr. Breeze files lawsuits against restaurants and hotels alleging that he cannot access these establishments due to his disability.

The Pupatella restaurant at issue is located at 1801 18th Street, NW, Washington, DC, in the Dupont neighborhood. Mr. Breeze brought this action alleging that Pupatella discriminated against him because of his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. (the "ADA"), the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (the "ADAAG"), and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq*. (the "DCHRA"). Specifically, Mr. Breeze alleges that he attempted to enter the business and was unable to do so due to alleged barriers to access. However, Mr. Breeze fails to allege any facts about his visit Pupatella—including the date of the visit, how he tried to access the restaurant, and how he was denied access to or enjoyment of the facilities (including his interactions with staff about whether accommodations were available).

---

[1] *See* **Exhibit 1**, PACER case list for Byron Breeze.

251635290v.1

The building is located in the Dupont Circle Historic District.[2] As a historical property, the building is subject to alternative methods of compliance with the ADA. [3] Prior to opening in August 2020, Pupatella renovated its restaurant space in accordance with the approved building permit and plans, which included the voluntary installation of an ADA-compliant restroom and maintained appropriate ingress and egress under the ADA and related guidelines.[4] This Court may take judicial notice of the building permit and related plans because they are public records. *See Leftwich v. Gallaudet University*, 878 F. Supp. 2d 81, 93 n.5 (D.D.C. 2012) ("A court may consider extrinsic documents not expressly referenced in the complaint without converting the motion to a summary judgment motion if the document is a matter of public record [of] which the court may take judicial notice.") (citation omitted).

As detailed below, Mr. Breeze's Complaint should be dismissed for lack of subject matter jurisdiction because he cannot establish an injury-in-fact or a real an imminent danger of future injury sufficient to grant him standing. In addition, even if Mr. Breeze has standing, his generalized and conclusory Complaint fails to state a claim under the ADA or the DCHRA.

---

[2] *See* Gov't of the District of Columbia Office of Planning (hereinafter "D.C. Planning"), *PropertyQuest* search for 1801 18th Street NW, available at https://propertyquest.dc.gov/ (last visited April 5, 2021); *see also* D.C. Planning, *District of Columbia Inventory of Historical Sites* at DC Inventory D (Sept. 6, 2016), available at https://planning.dc.gov/sites/default/files/dc/sites/op/publication/attachments/Inventory%202009%20D.pdf (last visited April 5, 2021) (providing description of the Dupont Circle Historic District).

[3] *See* International Existing Building Code (2018) § 305.9 ("Where compliance with the requirements for accessible routes, entrances or toilet rooms would threaten or destroy the historic significance of the facility...the alternative requirements of Section 305.9.1 through 305.9.4 for that element shall be permitted."); *see also* D.C. Building Code §101.2 (D.C. Building Code incorporates the International Building Code, as amended); International Building Code (2018) ("IBC") § 1101.1 (Chapter 11 of IBC generally controls the design and construction of facilities with regard to accessibility); IBC §1103.2.2 (Excepting existing buildings from IBC); IBC §3401.1 (alternation, repair and addition of existing buildings governed by Existing Building Code); D.C. Planning, Historic Preservation Office, *District of Columbia Historic Preservation Guidelines: Accommodating Persons with Disabilities in Historic Buildings*, available at https://planning.dc.gov/sites/default/files/dc/sites/op/publication/attachments/DC%20Accommodating%20Disabilities.pdf (last visited April 5, 2021).

[4] *See* **Exhibit 2**, Pupatella Code Summary and First Floor Plan; *see also* **Exhibit 3**, March 11, 2020 Dep't of Consumer and Regulatory Affairs Building Permit for 1801 18th Street NW.

2

## FACTUAL BACKGROUND[5]

Mr. Breeze has a "qualified disability" and "uses a wheelchair for mobility." (Compl. ECF

1 ¶ 5.) He resides at an undisclosed address in Hyattsville, Maryland. (*Id*. ¶ 4.)

Pupatella is a restaurant operating in the District of Columbia neighborhood of Dupont.

(*Id*. ¶¶ 6-7.) At some unknown point "[p]rior to the commencement of this action," Mr. Breeze

"personally visited" Pupatella and claims to have been "denied full access to, and full enjoyment

of the facilities" due to "architectural barriers" at the building. (*Id*. ¶ 9.) Specifically, he alleges

that Pupatella lacks "an accessible rout[e] to the restaurant," "an accessible means of ingress and/or

egress . . . for navigation by a wheelchair," "an accessible entrance" at four entrances to the

building, and "an accessible and compliant restroom" with respect to only two restrooms. (*Id*. ¶

22.) He also alleges that Pupatella has "[i]naccessible dining tables located at exterior dining area"

and "[i]naccessible dining tables located at interior dining tables." (*Id*.)

What the Complaint lacks is telling. Mr. Breeze does not allege that he entered Pupatella

or has any firsthand knowledge of its entrances or interior facilities, including the restrooms or

dining spaces, or the exterior dining spaces. The Complaint lacks basic facts detailing when he

purportedly visited, where he parked, how far onto the property he went during his visit, and

whether he spoke to anyone about whether Pupatella could accommodate his disability. Moreover,

Mr. Breeze does not allege that on the day of his visit, or at any point thereafter, he contacted

Pupatella or any of its employees to enquire about whether non-apparent accommodations are

available to provide wheelchair access to the interior of the business or exterior dining. He also

does not allege that he asked Pupatella or its employees whether an ADA-compliant bathroom was

available for restaurant patron's use. In fact, the allegations in the Complaint suggest that Mr.

---

[5] Pupatella accepts the allegations in the Complaint as true only for purposes of this Motion to Dismiss, and they are
recited herein.

Breeze never personally accessed any part of 1801 18th Street NW at any specific point prior to filing his lawsuit. The Complaint also lacks any facts suggesting that Mr. Breeze intends to return to Pupatella in the immediate future from his home in Hyattsville, Maryland.

## ARGUMENT

### I.      STANDARD OF REVIEW

A motion to dismiss for lack of standing is considered under Rule 12(b)(1) because standing goes to the court's subject matter jurisdiction. *Moran v. U.S. Capitol Police Bd.*, 820 F.Supp.2d 48, 53 (D.D.C. 2011). To survive a Rule 12(b)(1) motion to dismiss, "the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence." *Id*. at 53 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Because Rule 12(b)(1) concerns a federal court's ability to hear a particular claim, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citing *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)) (additional citations omitted). In ruling on a 12(b)(1) motion to dismiss, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F.Supp.2d 61, 64 (D.D.C. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausibility standard" established by the Supreme Court "asks for more than a sheer

4

possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotations omitted)). In ruling on a 12(b)(6) motion to dismiss, the "Court need not . . . accept inferences that are unsupported by the facts set out in the complaint . . . [or] legal conclusions cast in the form of factual allegations." *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007) (citations omitted). Mere "labels and conclusions, and a formulaic recitation of the elements" of a plaintiff's claims, "will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Twombly*, 550 U.S. at 555)). Rather, to survive dismissal, "[t]he complaint must not only allege but also 'show' the Plaintiff is entitled to relief." *Iqbal*, 556 U.S. at 679.

## II.      PLAINTIFF FAILS TO ESTABLISH THIS COURT'S SUBJECT MATTER JURISDICITON

A plaintiff must do more than plead bare allegations of an ADA or DCHRA violation to establish standing to bring suit. To establish the "irreducible constitutional minimum" of standing, a plaintiff must demonstrate: "(1) 'injury in fact,' which is (a) concrete and particularized and (b) actual or imminent; (2) that there is a causal connection between the complained of conduct and the injury alleged that is fairly traceable to the defendant; and (3) that it is likely, and not merely speculative, that a favorable decision will serve to redress the injury alleged. *See Jefferson v. Stinson Morrison Heckler, LLP*, 249 F. Supp. 3d 76, 80 (D.D.C. 2017) (citing *Lujan*, 504 U.S. at 560-61 (internal quotation marks and citations omitted)). When faced with a Rule 12(b)(1) motion to dismiss, "the plaintiff must 'clearly . . . allege facts demonstrating' each element [for standing]." *Spokeo, Inc. v. Robbins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016).

Moreover, where, as here, a plaintiff seeks prospective declaratory or injunctive relief, allegations of "past injuries alone are insufficient to establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). Such plaintiff "must show he is suffering an ongoing injury or faces an immediate threat of [future] injury." *Id*. (citations omitted).

### A.     Plaintiff Fails to Plead an Injury-in-Fact

Mr. Breeze has not experienced an actionable injury sufficient to confer him standing. An injury in fact is "an invasion of a legally protected interest" that is (1) "concrete," (2) "particularized," and (3) "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (quoting Lujan, 504 U.S. at 560). A "concrete" injury is one that "actually exist[s]"—*i.e.*, one that is "real" and not "abstract." *Id*. "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id*. Generalized grievances do not suffice. *See Lujan*, 504 U.S. at 575; *Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009). Mr. Breeze fails to allege any facts to support his conclusory allegation that he suffered an injury-in-fact. The Complaint is devoid of facts indicating what date that he allegedly visited Pupatella, what attempts (if any) he made to access Pupatella through any of the entrances, what contact (if any) he had with Pupatella staff on duty about whether accommodations for his disability exist, or any other facts that demonstrate he actually experienced an injury as a result of Pupatella's actions. Thus, Mr. Breeze fails to establish that he experienced any injury-in-fact whatsoever.

### B.     Plaintiff Fails to Plead Imminent Future Harm

Mr. Breeze lacks standing because he cannot establish an imminent threat of future harm. Where, as here, a plaintiff brings a claim for injunctive relief, "a demonstration of imminent, future injury is required to demonstrate standing." *Holt v. Am. City Diner, Inc.*, No. 05-1745, 2007 U.S. Dist. LEXIS 35284, *14 (D.D.C. May 15, 2007). Specifically, standing exists only if the plaintiff

"can show a plausible intention or desire to return to the place of the injury but for the barriers to access." *Holt*, 2007 U.S. Dist. LEXIS 35284 at **25-26 (citation omitted). Allegations of "[p]ast exposure to illegal conduct" are insufficient to confer standing to obtain injunctive relief. *Id*. at *14 (citation and quotation omitted). Instead, a plaintiff "must allege a likelihood of future violations of [his] rights . . ., not simply future effects from past violations." *Fair Employment Council of Greater Wash., Inc. v. BMC Marketing Corp.*, 28 F.3d 1268, 1273 (D.C. Cir. 1994). In other words, "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate--as opposed to merely conjectural or hypothetical--threat of future injury." *Natural Resources Defense Counsel v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998) (internal quotation and citation omitted). Under these standards, "[a] plaintiff's intention to return to [a] defendant's place of public accommodation 'some day . . . without any description of concrete plans, or indeed any specification of <u>when</u> the some day will be—do not support a finding of the requisite actual or imminent injury sufficient to entitle the plaintiff to injunctive relief." *Jefferson*, 249 F. Supp. 3d at 81 (citations omitted); *see also Lujan*, 504 U.S. at 564.

This Court considered nearly analogous facts in *Holt v. American City Diner, Inc.*, and found that plaintiff lacked standing. In *Holt*, the plaintiff visited the defendant's Washington, DC restaurant. *Holt*, 2007 U.S. Dist. LEXIS 35284 at *5. The *Holt* plaintiff—a paraplegic who used a wheelchair—resided in Boyds, Maryland, nearly 26 miles away from the restaurant. *Id*. He alleged that in August 2004 he intended to visit the restaurant for lunch, parked on the street, saw it was difficult and dangerous to access the restaurant in a wheelchair, tried to ask for help, but could not get close enough to access the building or to request assistance. *Id*. In August 2005, the plaintiff filed a complaint alleging violations of the ADA and 28 C.F.R. § 36.302 *et seq*. *Id*. at *6. The alleged violations included "barriers to access associated with the accessible parking, accessible

route to the accessible restaurant entrance, accessible entrance doors, the toilet room and accessible dining room seating." *Id*. at \*\*6-7. Because the *Holt* plaintiff never even entered the restaurant during his visit, a number of the alleged "barriers to access . . . were not observed by [p]laintiff himself." *Id*. at \*\*6-7. The plaintiff alleged that he "continue[d] to be denied full, safe and equal access due to the [continuing] violations" and that he "intend[ed] to go back to the restaurant once these barriers [were] removed." *Id*. at \*8. Plaintiff allegedly returned the area of the restaurant "approximately three times per week." *Id*. at \*20. The *Holt* court found these allegations insufficient to confer standing because the plaintiff had "neither a concrete nor specific nor imminent plan to return to the [r]estaurant" and, therefore, there was no imminent threat of future harm. *Id*. at \*\* 12-27.

Mr. Breeze lacks standing for the same reasons—his allegations do not demonstrate a threat of imminent future harm. Mr. Breeze also uses a wheelchair for mobility. (Compl. ECF 1 at ¶ 5.) At some unknown time prior to filing the Complaint, he "attempted to access" Pupatella but was "precluded from accessing" the restaurant due to alleged barriers, just as in *Holt*. (*Id*. at ¶¶ 9, 22-23.) Like the *Holt* plaintiff, Mr. Breeze outlines a number of alleged violations both inside and outside the restaurant that he could not have personally experienced, including alleged barriers to entrance, inaccessible routes inside the restaurant, and restroom barriers. (*Id*. ¶ 22.) Mr. Breeze alleges that he "intends to visit" Pupatella "immediately" upon the restaurant remedying the alleged violations, as did the *Holt* plaintiff. (*Id*. at ¶ 25.) However, unlike in *Holt*, the allegations in the instant Complaint actually suggest that Mr. Breeze lacks any real intent to return to Pupatella in the immediate future. Tellingly, Mr. Breeze does not disclose his address in his Complaint.[6] Instead, Mr. Breeze includes the address of his counsel—in New York—and a threadbare,

---

[6] This failure violates this Court's Local Rules that require that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. LCvR 5.1(c)(1).

conclusory assertion that he resides in Hyattsville, Maryland. (Compl. ECF 1 ¶ 4.) This allegation contradicts Mr. Breeze's recent claim in *Breeze v. Henley Park Hotel, Inc.* that he resides in the District.[7] Thus, with the information before it, this Court cannot even establish where Mr. Breeze resides—whether it is in New York, or Hyattsville, Maryland, or the District—and, thus, whether Mr. Breeze has an intent to return to Pupatella at any point in time, let alone in the imminent future. Indeed, based on the available record, it appears that Mr. Breeze recently moved further away from Pupatella in Dupont to a location in Maryland that would require a 30-40 minute drive *each way* without traffic.[8] This fact further undermines Mr. Breeze's conclusory allegation that he "desires to visit . . . [Pupatella] in the future." (Compl. ECF 1 ¶ 9.) Mr. Breeze therefore cannot establish a sufficient likelihood of imminent, future injury sufficient to confer standing. *See*, *e.g.*, *Holt*, 2007 U.S. Dist. LEXIS 35284 at **12-27; *Jefferson*, 249 F. Supp. 3d at 81; *Lujan*, 504 U.S. at 564.

\* \* \* \* \*

Mr. Breeze lacks standing to bring his ADA or DCHRA claims because he suffered no injury-in-fact and the allegations fail to establish an immediate risk of future injury to him. Accordingly, this Court lacks subject matter jurisdiction and should dismiss the Complaint with prejudice. Fed. R. Civ. P. 12(h)(3).

## C.   Assuming Mr. Breeze Has Standing, He Fails To State A Claim Under The ADA Or The DCHRA

The Complaint fails to state a claim under the ADA or the DCHRA (or a violation of the ADAAG) because the claims lack sufficient factual support. In particular, the 46-paragraph

---

[7] *See Breeze v. Henley Park Hotel, Inc.* Civil Action No. 1:20-cv-02844 TNM (D.D.C. Oct. 6, 2020) at ECF 1 ¶ 8.
[8] *See* Google Map directions from Hyattsville, Maryland to Pupatella in Dupont, available at https://www.google.com/maps/dir/Hyattsville,+Maryland/Pupatella,+1801+18th+St+NW,+Washington,+DC+20009/@38.9342491,-77.0621304,12z/data=!3m1!4b1!4m14!4m13!1m5!1m1!1s0x89b7c6fc55432d07:0x81d25dc8922db6fa!2m2!1d-76.9455301!2d38.9559442!1m5!1m1!1s0x89b7b72cc62589f9:0x6dfc81b090c390d4!2m2!1d-77.0414645!2d38.9143431!3e0 (last accessed April 3, 2021).

9

Complaint contains no actual facts to show that Mr. Breeze personally experienced a violation of the laws and, instead, relies on vague allegations and legal conclusions. While "detailed factual allegations" are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555 (citation omitted) (alterations in original). Thus, to survive dismissal, "[t]he complaint must not only allege but also 'show' the Plaintiff is entitled to relief." *Iqbal*, 556 U.S. at 679. The instant Complaint fails to do so.

Mr. Breeze fails to allege any actual facts regarding his alleged visit to Pupatella. Instead, he simply concludes that he was "denied full access to, and full enjoyment of the facilities." (Compl. ECF 1 ¶ 9.) Of significance, Mr. Breeze fails to plead facts that establish the date of his visit, how he tried to access Pupatella, and how he was denied access to or enjoyment of the facilities (including his interactions with staff about whether non-obvious accommodations exist). This information is necessary to raise the potential right to relief above a speculative level.[9]

---

[9] During the potentially relevant timeframe, the District has been under a state of emergency due to COVID-19. *See* Mayor's Order 2020-046 (March 11, 2020), available at https://mayor.dc.gov/sites/default/files/dc/sites/mayormb/release_content/attachments/MO.DeclarationofPublicHealthEmergency03.11.20.pdf (last visited April 5, 2021). Effective June 19, 2020, the District lifted the stay-at-home order and permitted indoor dining at 50 percent capacity. *See* Mayor's Order 2020-075 (June 19, 2020), available at https://coronavirus.dc.gov/sites/default/files/dc/sites/coronavirus/page_content/attachments/Mayors-Order-2020-075-06-19-20.pdf (last visited April 5, 2021). However, on December 18, 2020, the District again banned inside dining due to a surge in new COVID-19 cases. *See* Mayor's Order 2020-127 (Dec. 18, 2020), available at https://coronavirus.dc.gov/sites/default/files/dc/sites/coronavirus/page_content/attachments/Mayor%27s%20Order%20127%2012-18-2020.pdf (last visited April 5, 2021). Beginning on March 17, 2021, the District once again allowed indoor dining at 25 percent with physical distancing maintained. *See* Mayor's Order 2021-038, available at https://coronavirus.dc.gov/sites/default/files/dc/sites/coronavirus/page_content/attachments/Mayor%E2%80%99s%20Order%202021-038%20%20Extension%20of%20the%20Public%20Emergency%20and%20Public%20Health%20Emergency%20and%20Modified%20Measures%20in%20Phase%20Two%20of%20Washington%2C%20DC%20Reopening%20%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_0.pdf (last visited April 5, 2021); *see also* Alcoholic Beverage Regulation Administration, *Phase Two – Reopen DC*, available at https://abra.dc.gov/page/phase-two-reopen-dc (last visited April 5, 2021) (outlining dining restrictions as of March 21, 2021). Pupatella opened in August 2020 and Mr. Breeze filed the instant Complaint on March 11, 2021. Thus, at all possible times that Mr. Breeze could have visited the restaurant, staff would have been serving diners outside due to capacity restrictions and, therefore, able to speak with Mr. Breeze had he approached them. (*See* Compl. ECF 1 ¶ 22 (containing conclusory allegations regarding Pupatella's outdoor dining facilities)).

10

Indeed, the only purported facts alleged are those that could not have been experienced by Mr. Breeze himself. Mr. Breeze himself summarily asserts that he "attempted to access" Pupatella but was "precluded from accessing" the restaurant due to alleged barriers. (*Id*. at ¶¶ 9, 22-23.) Yet, the majority of the Complaint asserts, in conclusory fashion, alleged ADA and ADAAG violations that, had Mr. Breeze not been able to access 1801 18th Street NW at all, he would not have experienced firsthand. (*See* Compl. ECF 1 ¶ 22.)

Based on the foregoing, Mr. Breeze fails to provide factual support "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or "show [he] is entitled to relief. *Iqbal*, 556 U.S. 679. Rule 12(b)(6) dismissal for failure to state a claim is therefore warranted.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant 1801 Corporation requests that this Court dismiss the Complaint filed by Plaintiff Byron Breeze with prejudice and grant any such other relief this Court deems just and appropriate.

Dated: April 6, 2021

Respectfully submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *Elisabeth L. Shu*
Elisabeth L. Shu (DC Bar No. 982704)
Christina M. Heischmidt (DC Bar No. 1006759)
8444 Westpark Drive, Suite 510
McLean, Virginia 22102-5102
Tel.:   (703) 245-9300
Fax:    (703) 245-9301
elisabeth.shu@wilsonelser.com
christina.heischmidt@wilsonelser.com
*Counsel for Defendant 1801 Corporation*

251635290v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April, 2021, I electronically filed the foregoing Memorandum in Support of Defendant 1801 Corporation's Motion to Dismiss with the Clerk of the Court using the CM/ECF system, and will serve a true and correct copy of the document via First Class U.S. Mail and email upon:

Erik M. Bashian, Esq.
BASHIAN & PAPANTONIOU, PC
500 Old Country Road, Suite 302
Garden City, New York 11530
eb@bashpaplaw.com
*Counsel for Plaintiff Byron Breeze*

Rebecca L. Dannenberg, Esq.
FRANKLIN & PROKOPIK, PC
2325 Dulles Corner Boulevard, Suite 1150
Herndon, Virginia 20176
rdannenberg@fandpnet.com
*Counsel for Defendant Rock Creek-1801 18th, LLC*

/s/ *Elisabeth L. Shu*
Elisabeth L. Shu, Esq. (DC Bar No. 982704)
Christina M. Heischmidt (DC Bar No. 1006759)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
Tel.:    (703) 245-9300
Fax:    (703) 245-9301
elisabeth.shu@wilsonelser.com
christina.heischmidt@wilsonelser.com
*Counsel for Defendant 1801 Corporation*

12

251635290v.1